UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

GLADYS CABAN-BENNETTE,

                                            Plaintiff,

                    - against -

NEW YORK CITY FIRE DEPARTMENT,

                                            Defendant.

----------------------------------------------------------------------- x

**ANSWER**

07 Civ 9603 (RJS) (HP)

      Defendant, **NEW YORK CITY FIRE DEPARTMENT,** by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint, respectfully alleges as follows:

      1.      Denies the allegations set forth in paragraph "1," of the Complaint, except admits that plaintiff purports to proceed as set forth therein.

      2.      Denies the allegations set forth in paragraph "2," of the Complaint, except admits that plaintiff purports to proceed as set forth therein.

      3.      Denies the allegations set forth in paragraph "3," of the Complaint, except admits that plaintiff purports to proceed as set forth therein.

      4.      Denies the allegations set forth in paragraph "4," of the Complaint, except admits that plaintiff purports to proceed as set forth therein.

      5.      Denies the allegations set forth in paragraph "5" of the Complaint.

      6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6," of the Complaint.

      7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7," of the Complaint.

8.    Paragraph "8," of the Complaint consists solely of legal conclusions to which no response is necessary.

9.    In response to paragraph "9," of the Complaint, defendant repeats and re-alleges its responses to paragraphs "1," through "8," of the Complaint as if fully set forth here.

10.    Denies the allegations set forth in paragraph "10," of the Complaint, except admits that plaintiff began her employment with the defendant in 1984 as a Principal Administrative Associate in the Bureau of Personnel.

11.    Denies the allegations set forth in paragraph "11," of the Complaint.

12.    Denies the allegations set forth in paragraph "12," of the Complaint, except admits that plaintiff was assigned to the defendant's Recruitment and Diversity Initiatives Unit effective April 2005 to the present.

13.    Denies the allegations set forth in paragraph "13," of the Complaint, except admits that plaintiff was interviewed by defendant's Office of Equal Employment Opportunity regarding a complaint made by Richard Velez.

14.    Denies the allegations set forth in paragraph "14," of the Complaint.

15.    Denies the allegations set forth in paragraph "15," of the Complaint, except admits that plaintiff transferred to defendant's Recruitment and Diversity Initiatives Unit in the title of Community Coordinator officially transferred effective April 15, 2005 with a transitional period starting March 21, 2005.

16.    Denies the allegations set forth in paragraph "16," of the Complaint.

17.    Denies the allegations set forth in paragraph "17," of the Complaint, respectfully refers the Court to the job posting number 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, which was posted on April 18, 2005 after plaintiff's transfer to defendant's Recruitment and Diversity Initiatives Unit, for

its contents, and denies knowledge or information sufficient to form a belief as to plaintiff's reasons for transferring.

18.    Denies the allegations set forth in paragraph "18," of the Complaint.

19.    Denies the allegations set forth in paragraph "19," of the Complaint.

20.    Denies the allegations set forth in paragraph "20," of the Complaint, except admits that Deputy Commissioner of Administration Douglas White and Assistant Commissioner of Human Resources Donay Queenan met with plaintiff, upon plaintiff's request, in October of 2005.

21.    Denies the allegations set forth in paragraph "21," of the Complaint, except admits that Deputy Commissioner White and Assistant Commissioner Queenan explained to plaintiff that she did not receive a promotion but rather a lateral transfer.

22.    Denies the allegations set forth in paragraph "22," of the Complaint.

23.    Denies the allegations set forth in paragraph "23," of the Complaint.

24.    Denies the allegations set forth in paragraph "24," of the Complaint

25.    Denies the allegations set forth in paragraph "25," of the Complaint.

26.    In response to paragraph "26," of the Complaint, defendant repeats and re-alleges its responses to paragraphs "1," through "25," of the Complaint as if fully set forth here.

27.    Denies the allegations set forth in paragraph "27," of the Complaint.

28.    Denies the allegations set forth in paragraph "28," of the Complaint.

29.    In response to paragraph "29," of the Complaint, defendant repeats and re-alleges its responses to paragraphs "1," through "28," of the Complaint as if fully set forth here.

30.    Denies the allegations set forth in paragraph "30," of the Complaint.

31.    Denies the allegations set forth in paragraph "31," of the Complaint.

32.     In response to paragraph "32," of the Complaint, defendant repeats and re-alleges its responses to paragraphs "1," through "31," of the Complaint as if fully set forth here.

33.     Denies the allegations set forth in paragraph "33," of the Complaint.

34.     Denies the allegations set forth in paragraph "34," of the Complaint.

35.     In response to paragraph "35," of the Complaint, defendant repeats and re-alleges its responses to paragraphs "1," through "34," of the Complaint as if fully set forth here.

36.     Denies the allegations set forth in paragraph "36," of the Complaint.

37.     Denies the allegations set forth in paragraph "37," of the Complaint.

## FOR A FIRST DEFENSE:

38.     The Complaint fails to state a claim upon which relief can be granted.

## FOR A SECOND DEFENSE:

39.     This Court lacks jurisdiction, in whole or in part, over the Complaint.

## FOR A THIRD DEFENSE:

40.     The Complaint is barred, in whole or in part, by the applicable statute of limitations.

## FOR A FOURTH DEFENSE:

41.     The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit.

## FOR A FIFTH DEFENSE:

42.     Upon information and belief, plaintiff failed, in whole or in part, to mitigate damages.

## FOR A SIXTH DEFENSE

43.     Any damages alleged in the Complaint were caused by plaintiff or plaintiff's own negligent or culpable conduct.

- 4 -

### FOR A SEVENTH DEFENSE:

44.     Defendant is not subject to punitive damages.

### FOR A EIGHTH DEFENSE:

45.     The New York City Fire Department is not a suable entity.

### FOR A NINTH DEFENSE

46.     At all times relevant to the acts alleged in the Complaint, the conduct of the defendant and its employees was reasonable, proper, lawful, taken in good faith, and without malice.

**WHEREFORE,** defendant requests judgment dismissing the Complaint and denying all relief requested therein, that judgment be entered for defendant, and that defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           February 13, 2008

Respectfully Submitted,

**MICHAEL A. CARDOZO**
Corporation Counsel of the
City of New York
Attorney for the Defendant
100 Church Street, Room 2-187
New York, New York  10007-2601
(212) 788-1202
kbarker@law.nyc.gov

By: _____
                    Kami Z. Barker
            Assistant Corporation Counsel

To:    **Law Office of Paul N. Cisternino, P.C.**
       16 Briarbrook Road
       Ossining, NY 10562

- 6 -

07 Civ 9603 (RJS) (HP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLADYS CABAN-BENNETTE,

Plaintiff,

- against -

NEW YORK CITY FIRE DEPARTMENT,

Defendant.

**ANSWER**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-107
New York, N.Y. 10007-2601

Of Counsel: Kami Z. Barker
Tel:        (212) 788-1202

File No. 2007-040436

*Due and timely service is hereby admitted.*

New York, N.Y. ......................., 2008

.............................................................

Attorney for...............................................